E-FILED
Monday, 11 July, 2022  02:33:08 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| APRIL D.H.,<br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>        Defendant. | Case No. 1:20-cv-01456-JES-JEH |

**Report and Recommendation**

Now before the Court is the Plaintiff's Motion for Summary Judgment (Doc. 13) and the Defendant's Motion for Summary Affirmance (Doc. 16).  This matter has been referred for a report and recommendation. The Motions are fully briefed, and for the reasons stated herein, the Court recommends the Plaintiff's Motion for Summary Judgment be denied and the Defendant's Motion for Summary Affirmance be granted.[1]

**I**

April D.H. originally filed an application for disability insurance benefits (DIB) on November 25, 2014, alleging disability beginning on November 3, 2012. Her DIB claim was denied initially, upon reconsideration, and after a hearing before an administrative law judge (ALJ).  The Appeals Council (AC) remanded the matter, the ALJ held another hearing, and April was again found not disabled on October 31, 2018.  On January 30, 2020, the AC dismissed April's request for

---

[1] References to the pages within the Administrative Record will be identified by AR [page number].  The Administrative Record appears at (Doc. 10) on the docket.

1

review as untimely.  After she obtained more time to file a civil action, April timely filed the instant civil action on December 30, 2020.

## II

April raises several challenges to solely the merits of the ALJ's October 2018 Decision.  The Commissioner, however, argues there is just one issue in this case: whether the AC abused its discretion when it dismissed April's untimely request for review of the ALJ's October 2018 Decision.  The Court agrees with the Commissioner and proceeds accordingly.

## III

## A

 Before a disability claimant can obtain review of the Commissioner's final decision under 42 U.S.C. § 405(g), the claimant must proceed through a four-step process:  1) seek an initial determination as to the claimant's entitlement to benefits; 2) seek reconsideration of that initial determination; 3) request a hearing before an ALJ; and 4) seek review by the AC.  20 C.F.R. § 404.900(a)(1)-(4).  When a claimant has completed those four steps, the Social Security Administration "will have made [its] final decision."  20 C.F.R. § 404.900(a)(5).

As for the fourth step, a claimant may request AC review by filing a written request within 60 days after the date the claimant receives notice of the hearing decision.  20 C.F.R. § 404.968(a)(1).  The date a claimant is notified is five days after the date of the notice unless the recipient shows she did not receive it within the five-day period.  20 C.F.R. § 404.1703.  If the claimant shows good cause for missing the deadline, the time period to request AC review will be extended.  20 C.F.R. § 404.968(b).  "The [AC] will dismiss [a claimant's] request for review if [she] did not file [her] request within the stated period of time and the time for filing has not been extended."  20 C.F.R. § 404.971.

2

**B**

In *Smith v. Berryhill*, the Supreme Court concluded "a dismissal by the [AC] on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision . . . made after a hearing' for purposes of allowing judicial review under § 405(g)."  139 S. Ct. 1765, 1774 (2019).  The standard of that judicial review is as follows:  abuse of discretion as to the overall conclusion, and substantial evidence as to any fact.  *Id*. at 1779 n.19.  Substantial evidence, of course, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Because the *Smith* court stated that "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the [AC] dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance," the Court begins and ends its analysis with the AC's dismissal of April's request for review.  *Smith*, 139 S. Ct. at 1780.

The evidence of record includes the following:

- A signed Social Security Retainer Agreement between The Law Offices of Jeffrey A. Rabin & Associates, Ltd. and the claimant dated December 13, 2018.  AR 24.
- A fax from a paralegal at Jeffrey Rabin and Associates dated May 21, 2019 to the AC which states that attached thereto is a request for Appeals Council Review letter dated December 13, 2018 regarding the claimant.  April's letter is in fact dated December 13, 2018.  The fax date stamp is June 4, 2019.  AR 19-23.
- A letter from SSA to April dated July 10, 2019 stating SSA received April's request for review of the ALJ's action in this case, that the letter "is not a finding by the [AC] that you had good cause for a late filing of your request for review," and that April may send more information including a statement about the facts and the law in this case or additional evidence.  AR 17-18.

- A letter from SSA to April's counsel, Jeffrey A. Rabin, regarding April's case dated July 16, 2019 stating SSA granted his request for more time before acting on April's case and stating that in sending the letter, SSA was only acknowledging it received counsel's request, SSA would make a separate decision to determine if the appeal was filed on time, and if it appeared the appeal was filed late, SSA would send counsel a separate letter to give him a chance to explain why it was late or to prove that it was not late. The letter was cc'd to April. AR 14-16.

- A letter from SSA to April dated October 10, 2019 which stated that her request for review was filed late, explained the 60-day time limit to file a request for review of the ALJ's action, explained notice of the ALJ's action was dated October 31, 2018 so the last day April could file her request for review was January 4, 2019, explained April filed her request for review on June 4, 2019, and noted there was no statement or other information about why she did not file the appeal on time. The letter also stated April should send SSA a statement showing the reason(s) why she did not file the request for review within the 60 days, she should send SSA any evidence that supported her explanation, and she was permitted to send SSA information about when she received the notice of the ALJ's action. SSA informed her that the AC would extend the time period and find April's appeal timely if she showed she had a good reason for filing late, otherwise, the AC would dismiss her request for review if she did not show she had a good reason for filing late. The letter was cc'd to Attorney Jeffrey A. Rabin. AR 10-13.

- A Notice of Order of Appeals Council Dismissing Request for Review sent to April and cc'd to Attorney Jeffrey A. Rabin dated January 30, 2020 stating that SSA dismissed April's request for review and instructing her on how to file a civil action in the United States District Court. AR 4-6.

- The Order of Appeals Council which detailed the ALJ's Decision was dated October 31, 2018, April's request for review was filed on May 22, 2019, the request was not filed within 60-day timeframe as required by 20 C.F.R. § 404.968(a), the presumption of receipt of notice of the decision five days after the date of such notice, the AC may dismiss a request for review

4

where the request is untimely and the time has not been extended per 20 C.F.R. § 404.971, and the time period would be extended if good cause is shown for missing the deadline per 20 C.F.R. § 404.968(b). The Order further detailed the last day to timely file the request for review was January 4, 2019, the representative filed the request on May 22, 2019, 165 days late, and the AC inquired as to why the appeal was filed late but received no response. Thus, the AC found "there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The [ALJ's] decision stands as the final decision of the Commissioner." The Order lastly stated that notice of its action was given by mailing a copy to the claimant and her representative. AR 4-9.

In the face of all this record evidence, April's Motion for Summary Judgment (Doc. 14) is strikingly and fatally silent with regard to the AC's dismissal order. Her Complaint includes nothing more than conclusory statements with regard to the AC's action in this case. *See* (Doc. 1) at pg. 2 ("The [AC's] action is not supported by substantial evidence," "The [AC] made harmful legal errors when it denied Plaintiff's request for review," and "If the [AC] had discretion to deny Plaintiff's request for review, the [AC] abused its discretion"). Notably, April filed no reply attempting to challenge the Commissioner's argument that the singular issue in this case pertained to the AC's dismissal of April's untimely request for review of the ALJ's Decision.

Substantial evidence supports the AC's finding of untimeliness where the notice of the ALJ's unfavorable Decision and the Decision itself were dated October 31, 2018, the AC properly calculated the 60-day deadline (plus five days) to file a request for review to be January 4, 2019, and the AC correctly observed that no request for review was filed by January 4, 2019. Though discrepancies appear in the record as to when SSA *itself* stated it received April's request for AC review – October 10, 2019 letter said June 4, 2019, AC dismissal order said May 22,

2019 – April's AC review request remained untimely on both dates.[2]  Even if the AC determined it received April's faxed request on the cover sheet date – May 21, 2019 – the request was, again, untimely.  That a paralegal at Attorney Rabin's office attached April's request for AC review dated December 13, 2018 to the May 21, 2019 fax does not establish, especially not by substantial evidence, that April actually submitted the request on that date or before January 4, 2019.  In fact, the evidence as a whole convincingly indicates otherwise (see *supra*).

The July 10, 2019 letter from SSA and the October 10, 2019 letter from SSA alerted April to the fact that her request for AC review was untimely.  The July 16, 2019 letter from SSA made clear that it was merely an acknowledgment of receipt and that SSA would make a separate decision to determine if April filed her appeal on time.  To the extent the July 16th letter with its statement that SSA granted April's request for more time and its invitation to send a statement about the facts and law or additional evidence could be construed in April's favor on the timeliness issue, the other evidence detailed herein and April's failure to challenge the Commissioner's position preclude the Court from so construing the July 16th letter.

As for the AC's finding that April failed to show good cause to extend the time for filing her request for review, that finding, too, is supported by substantial evidence.  *See* 20 C.F.R. § 404.911(a) (providing SSA will consider in determining whether a claimant has shown good cause for missing a deadline to request for review, among other things, what circumstances kept a claimant from making the request on time and whether any physical or mental limitations prevented the claimant from filing a timely request); *and* 20 C.F.R § 404.911(b) (providing

---

[2] It remains unclear to the Court how the AC calculated that April's representative filed her request for review 165 days late.  *See* AR 7.  165 days from January 4, 2019 would have been June 18, 2019.  Only 138 days passed from January 4, 2019 to May 22, 2019.

examples of circumstances where good cause may exist to include where the claimant was seriously ill and prevented from contacting SSA, there was a death or serious illness in the claimant's immediate family, the claimant did not receive notice of the decision, and SSA gave the claimant incorrect or incomplete information about when and how to request administrative review). The record and her brief are devoid of explanation from April as to why her request was submitted so late, but the record *does* include evidence that April was provided the opportunity to explain why her request was late. Both April and her counsel were sent each of the relevant letters, and the counsel that represents her in this federal lawsuit is one and the same with counsel who received SSA's letters. As the Commissioner points out, April retained that counsel (a firm with experienced Social Security attorneys) 43 days after the ALJ's adverse Decision and 22 days *before* the review request deadline.

The AC did not abuse its discretion when it dismissed April's untimely request for review after finding no good cause to extend the deadline. The Court therefore recommends the AC's dismissal order be affirmed.

## IV

For the reasons set forth above, it is recommended that: 1) the Plaintiff's Motion for Summary Judgment (Doc. 13) be denied; 2) the Defendant's Motion for Summary Affirmance (Doc. 16) be granted; 3) The Clerk of Court be directed to enter judgment as follows: "IT IS ORDERED AND ADJUDGED that the decision of the Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security, denying benefits to the Plaintiff, April D.H., is AFFIRMED."; and 4) this matter be terminated.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C.

§ 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on July 11, 2022.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE